UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00248-MOC-DSC

| | | |
|---|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| MORLANDO CONSTRUCTION, LLC MORLANDO PROPERTY INVESTMENTS, LLC TMR INVESTMENTS, LLC DOMINIC N. MORLANDO ABRAHAM'S BOSOM TRUST DATED FEBRUARY 29, 2016 LAURA A. MORLANDO DOMINIC N. MORLANDO IRREVOCABLE TRUST FBO LAURA A. MORLANDO U/A DATED SEPTEMBER 3, 2015, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's Motion to File Notice of Provisional Settlement and Request to Postpone Hearing under Seal. As reflected in Local Civil Rule 6.1, the court is required to consider a number of factors.

The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is adequate as it describes a settlement term sheet, which may contain proprietary or other confidential business information.

-1-

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). Such statement has been provided and is adequate as it appears that the term sheet and motion contain materials related to a potential settlement, which would not otherwise be admissible and which could taint a jury pool if trial were actually required.

As to Local Civil Rule 6.1(C)(3), there are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed in the National Archives. If the parties believe at the conclusion of the case that such materials remain sensitive, they should move the Clerk of Court to strike any such sensitive pleadings from the official court record.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. Plaintiff has not complied with such rule beyond citing to the Local Civil Rule. However, such request is consistent with <u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. Goetz, 886 F.2d at 66.

<u>Id.</u>, at 429. The proposed sealing of the term sheet and motion in this matter would be consistent with current case law inasmuch as the materials involve matters of little public interest, inasmuch as they relate to a proposed settlement between private parties, information which as a matter of law would be inadmissible at a trial on the merits.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will grant the Motion to Seal. Inasmuch as the time for public response has not run to this motion, the court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to File Notice of Provisional Settlement and Request to Postpone Hearing under Seal (#37) is GRANTED. The previously scheduled hearing is postponed for 30 days, and the Clerk of Court is instructed to reset such hearing after that date if a Voluntary Dismissal or a withdrawal of the pending Motion for Preliminary Injunction (#14) is not filed.

Signed: November 22, 2016

Max O. Cogburn Jr
United States District Judge